DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>MIGUEL ANGEL PASCUAL-PICHARDO, )<br>)<br>**Defendant.** )<br>_____) | Criminal Action No. 2011-001 |

**Attorneys:**
**Alphonso Andrews, Esq.,**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Miguel Angel Pascual-Pichardo's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (Dkt. No. 153) and his renewed motions for mistrial on grounds of prosecutorial misconduct (*see* Dkt. No. 125). For the reasons that follow, the Court will deny the Motions.

### I. BACKGROUND

At the request of Homeland Security Investigations ("HSI") agents following an extensive undercover investigation, including recorded telephone conversations with Defendant Pascual-Pichardo, Virgin Islands Police Department ("VIPD") officers conducted a traffic stop and vehicle search on January 9, 2011 of a Jeep Cherokee driven by Defendant in the vicinity of Estate Sunny Acres, St. Croix, United States Virgin Islands. During the search, the officers

recovered over 200 kilograms of a substance which tested positive for cocaine. Defendant was subsequently indicted on a single count of possession with intent to distribute five kilograms or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Dkt. No. 8). Defendant pleaded not guilty to the charge.

Trial in this matter commenced on July 3, 2012. During the course of the trial, counsel for Defendant repeatedly moved for a mistrial. (Dkt. No. 145 at 28, 86; Dkt. No. 146 at 143-44; Dkt. No. 147 at 50-55, 81-84; Dkt. No. 149 at 115).[1] Defendant advanced two arguments in support of these oral motions: (1) that the United States had failed to disclose to Defendant before trial the involvement of a confidential informant; and (2) that the United States improperly stated that Defendant was a member of a "criminal organization" without presenting evidence to establish that fact. The Court deferred ruling on Defendant's motions with respect to the confidential informant (*see e.g.*, Dkt. No. 147 at 55; Dkt. No. 149 at 2), and directed the parties to brief the issue. (Dkt. No. 106; Dkt. No. 107). The Court denied Defendant's motions regarding reference to a criminal organization. (Dkt. No. 146 at 152-53; Dkt. No. 147 at 81). Defendant also moved for judgment of acquittal following the close of the United States' case. The Court denied the motion. (Dkt. No. 149 at 30-33).

On July 11, 2012, the jury returned a unanimous verdict form with twelve signatures finding Defendant guilty of the single count charged. The foreperson announced the verdict. Thereafter, at the request of defense counsel, the courtroom deputy polled the members of the jury. One of the jurors polled stated that the verdict announced by the foreperson did not represent his independent judgment. After the polling was completed, Defendant moved for a

---

[1] Trial transcripts were produced for each day of the proceedings. (*See* Dkt. Nos. 117; 145-149). Because the date of each motion has no bearing on the instant analysis, the Court will refer to portions of the transcript by their docket numbers on the Case Management/Electronic Case Files system.

mistrial based on the dissenting juror's response. The United States opposed the motion, and requested that the Court require the jury to deliberate further. The Court granted Defendant's motion, declaring a mistrial out of manifest necessity on the grounds that the dissenting juror unequivocally and unambiguously stated that the verdict announced did not constitute his independent judgment, and any directive that the jury deliberate further could, under the circumstances, create a coercive situation.

In light of the mistrial, the Court issued an Order on July 13, 2012 (Dkt. No. 118), setting deadlines for Defendant to file: (1) a memorandum indicating why his oral motions for mistrial made during the course of trial should not be denied as moot; and (2) any motion pursuant to Federal Rule of Criminal Procedure 29. Defendant filed his Memorandum on July 23, 2012 (Dkt. No. 125), and the United States filed its Opposition on August 2, 2012. (Dkt. No. 128). After requesting and receiving an extension of time from the Court (Dkt. No. 143), Defendant filed the instant Motion for Judgment of Acquittal pursuant to Rule 29 on September 26, 2012, contending that the evidence presented at trial was insufficient to sustain a conviction. (Dkt. No. 153 at 5). The United States filed its Opposition to the Motion on October 23, 2012. (Dkt. No. 158).

## II. DISCUSSION

Defendant contends that the Court should: (1) enter a judgment of acquittal because the United States presented insufficient evidence to support a conviction; or (2) prevent the United States from retrying him on double jeopardy grounds as a result of prosecutorial misconduct. The Court will deny both requests.

**A.      Judgment of Acquittal**

   **1.     Legal Principles**

A judgment of acquittal is appropriate under Rule 29 for insufficiency of the evidence only if, after reviewing the record in the light most favorable to the prosecution, the Court determines that no rational jury could find proof of guilt beyond a reasonable doubt. *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006); *see also United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (district court must "'review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence'") (quoting *United States v. Wolfe*, 245 F.3d 257, 262 (3d Cir. 2001)). An insufficiency finding should be "'confined to cases where the prosecution's failure is clear.'" *Smith*, 294 F.3d at 477 (quoting *United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984)). Thus, a defendant "challenging the sufficiency of the evidence bears a heavy burden," *United States v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992), and must demonstrate "a complete failure of the prosecution to establish the essential elements" of the crime charged. *Newton v. Gov't of the V.I.*, 48 V.I. 349, 355 (D.V.I. App. Div. 2005) (citing *Casper*, 956 F.2d at 421). Additionally, "[c]ourts must be ever vigilant in the context of [Rule] 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (citations omitted); *see also United States v. Soto*, 539 F.3d 191, 194 (3d Cir. 2008) ("[I]t is not for us to weigh the evidence or to determine the credibility of witnesses.") (citation omitted).

These legal principles, as applied to the facts here, compel the conclusion that Defendant's Motion must be denied.

2.  Analysis

Defendant contends that the Court should enter a judgment of acquittal because insufficient evidence was presented to support a conviction. (Dkt. No. 153 at 5). Defendant's argument in support of this contention is inapt and unpersuasive.

As the basis for his Motion for Judgment of Acquittal, Defendant challenges the credibility of one of the United States' witnesses—HSI Special Agent Jose E. Lebron-Aponte ("Agent Lebron")—whose testimony, among other evidence presented at trial, implicated Defendant in cocaine distribution activities. Specifically, Defendant argues that "Agent Lebron's testimony lacked both candor and integrity" for numerous reasons, and "demonstrate[d] bias towards [] Defendant[.]" (*Id.* at 5-6). Defendant further claims that "[t]he credible evidence" contradicts Agent Lebron's testimony, and "[t]he jury had no more evidence at its disposal to convict [D]efendant than it had to convict anyone else [at] whom [Agent] Lebron chose to point a finger." (*Id.* at 6-7).

In its Opposition to the Motion, the United States contends that such credibility challenges are not appropriate grounds for Rule 29 relief. (Dkt. No. 158 at 7). The Court agrees.

As the Third Circuit has explained in the context of Rule 29, courts cannot "usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *Brodie*, 403 F.3d at 133. Indeed, it is not for the courts "to weigh the evidence or to determine the credibility of the witnesses." *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (citation omitted); *see also United States v. Upia-Frias*, 50 V.I. 701, 705 (D.V.I. 2008) (finding a credibility challenge "unavailing [in the Rule 29 context] because '[t]he question of credibility is particularly within the province of the factfinder'") (quoting *United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 907 (3d Cir. 1977)). The

Court will therefore reject Defendant's request to do exactly what controlling precedent prohibits—engage in an analysis of Agent Lebron's credibility. Defendant's failure to advance an argument that can be properly considered is sufficient grounds upon which to conclude that Defendant's Rule 29 challenge to the sufficiency of the evidence lacks merit.[2]

But, even if challenging Agent Lebron's credibility was appropriate, and the Court was convinced by Defendant's argument in that regard, the Court would nonetheless deny Defendant's Motion. As noted above, a defendant "challenging the sufficiency of the evidence bears a heavy burden[,]" *Casper*, 956 F.2d at 421, and must demonstrate "a complete failure of the prosecution to establish the essential elements" of the crime charged. *Newton*, 48 V.I. at 355. Here, Defendant has not met this heavy burden, and this failure provides an independent basis for denying the Motion.[3]

If the Court were to exclude the testimony of Agent Lebron, a rational trier of fact could nonetheless conclude from the remainder of the record evidence that Defendant possessed with the intent to distribute more than five kilograms of a mixture and substance containing cocaine. *See Smith*, 294 F.3d at 476 (requiring district courts to "review the record in the light most

---

[2] In support of his credibility challenge, Defendant likens the instant case to *Government of the Virgin Islands v. Davis*, 561 F.3d 159 (3d Cir. 2009), and claims that the testimony of a single witness "susceptible to manipulation should not be deemed substantial" evidence. (Dkt. No. 153 at 6). This comparison is inapt for two reasons. First, *Davis* does not address a sufficiency of the evidence challenge in the Rule 29 context. Instead, the Third Circuit addressed whether the evidence presented at trial was so overwhelming that it rendered the prosecution's repeated, constitutionally-impermissible references to the defendant's post-*Miranda* silence harmless error. *Davis*, 561 F.3d at 165-68. Second, the conviction the Third Circuit overturned in *Davis* hinged solely on the credibility of conflicting accounts of three witnesses who had a prior antagonistic relationship with the defendant. *Id.* at 166. As detailed below, however, extensive physical and testimonial evidence apart from Agent Lebron's challenged testimony was presented in the instant case.

[3] The Court notes that Defendant does not take even the first step towards meeting this burden—identifying the essential elements of the charged offense. (*See* Dkt. No. 153).

favorable to the prosecution to determine whether *any rational trier of fact* could have found proof of guilt beyond a reasonable doubt based on the available evidence") (emphasis added, citation omitted).

To prove beyond a reasonable doubt that Defendant was guilty of the offense charged, the United States had to demonstrate that: (1) Defendant possessed a mixture or substance containing a controlled substance; (2) Defendant possessed the controlled substance knowingly or intentionally; (3) Defendant intended to distribute the controlled substance; (4) the controlled substance was cocaine; and (5) the weight of the mixture or substance containing the controlled substance was five kilograms or more. *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); *Upia-Frias*, 50 V.I. at 703 (citing *United States v. Lacy*, 446 F.3d 448, 454 (3d Cir. 2006)); *United States v. Vasquez*, 271 F.3d 93, 101-02 (3d Cir. 2001) (holding that the weight of the controlled substance must be treated as an element of the offense when, as here, the weight exceeds the threshold for the different maximum penalties authorized under 21 U.S.C. § 841(b)).[4]

Here, the physical evidence presented and Defendant's own statements are sufficient for a rational factfinder to find Defendant guilty beyond a reasonable doubt. In particular, the vehicle Defendant was operating as the sole occupant was stopped and searched by VIPD officers on January 9, 2011. During the course of the search, the VIPD officers discovered duffle bags containing over 200 kilograms of a substance which subsequently tested positive for cocaine. (*See e.g.*, Dkt. No. 145 at 123-127; Dkt. No. 146 at 53-55).[5] When questioned by the officers

---

[4] *See also* Third Circuit Model Jury Instruction 6.21.841A, *available at* http://www.ca3.uscourts.gov/criminaljury/dec2012/2012%20Chap%206%20Controlled%20Substances%20Rev.pdf (last visited March 7, 2013).

[5] Defendant concedes this fact in his Motion for Judgment of Acquittal. (Dkt. No. 153 at 3) (stating that "law enforcement officers recovered approximately 228 kilograms of cocaine[]in black bags located in the rear seat and rear compartment area of the vehicle").

whether the substance was, in fact, cocaine, Defendant responded "[y]ou know what it is." (Dkt. No. 147 at 124). When the officers indicated that he would be detained, Defendant exclaimed "Oh, look what I did for a few dollars. Look what I did for a few dollars. I had a $10,000 debt." (*Id.*). Defendant also told the officers "you just take the stuff. Just take the stuff and let me go, just let me go." (*Id.* at 124-25). The officers declined the offer and instead arrested Defendant.

In addition to this evidence, the record was replete with testimony of law enforcement agents detailing the undercover investigation into Defendant's participation in cocaine trafficking activities. The United States introduced recorded telephone conversations between Defendant and an undercover agent, in which Defendant discussed the details of transporting the cocaine from St. Croix to Puerto Rico. Defendant was familiar with and utilized coded language in these conversations (referring to the cocaine as both "passengers" and "girls"), and discussed specific amounts of cocaine for transportation and the manner in which it would be packaged. Defendant also followed through with the plan as coordinated with the undercover agent, traveled in a vehicle supplied by the agent, and obtained the cocaine for transport before being stopped by VIPD officers. (*See* Dkt. 149 at 21-33) (summarizing the evidence presented at trial and denying Defendant's oral motion for judgment of acquittal).

This evidence—viewed in the light most favorable to the prosecution—is sufficient for a rational trier of fact to find beyond a reasonable doubt that Defendant knowingly possessed five kilograms or more of a substance containing cocaine, with the intent to distribute that substance. Such a finding provides another basis for dismissing Defendant's Motion for Judgment of Acquittal. *See Smith*, 294 F.3d at 476.

In sum, Defendant's argument in support of the Motion amounts to an improper attack on witness credibility and does not meet the burden of demonstrating that the United States failed to

establish the essential elements of the charge. Because a rational trier of fact could find Defendant guilty beyond a reasonable doubt from the evidence presented at trial when viewed in the light most favorable to the United States, the Court will deny Defendant's Motion for Judgment of Acquittal.

**B.     Double Jeopardy**

    **1.     Legal Principles**

When, as here, a defendant has "succeeded in aborting [a trial]" on his own mistrial motion, the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution bars retrial "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982); *United States v. Barnard*, 318 F. App'x 143, 145 (3d Cir. 2009) (citing *Kennedy*, 456 U.S. at 676); *see also United States v. Curtis*, 683 F.2d 769, 776 (3d Cir. 1982) ("Under *Kennedy*, it is clear that a retrial is not barred even after a mistrial for prosecutorial misconduct unless 'the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.'") (quoting *Kennedy*, 456 U.S. at 679). As the Third Circuit has explained, "[c]ase law following *Kennedy* and *Curtis* has consistently emphasized that application of the double jeopardy bar is dependent on a showing of the prosecutor's subjective intent to cause a mistrial in order to retry the case." *United States v. Williams*, 472 F.3d 81, 85-86 (3d Cir. 2007) (collecting cases).

It is the defendant's burden to prove such intent by the prosecutor. *Barnard*, 318 F. App'x at 145 (citing *Williams*, 472 F.3d at 85-86, and *United States v. Perlaza*, 439 F.3d 1149, 1173 (9th Cir. 2006)). The Third Circuit has articulated the following factors to consider in assessing whether a prosecutor intentionally provoked a motion for a mistrial: (1) whether the

record contains any indication that the prosecutor believed the defendant would be acquitted; (2) whether a second trial would be desirable for the government; and (3) whether the prosecutor justified his remarks to the trial court. *Curtis*, 683 F.2d at 777-78; *Barnard*, 318 F. App'x at 145.

### 2. Analysis

In an effort to bar retrial on double jeopardy grounds, Defendant purports to "renew" the oral mistrial motions premised on prosecutorial misconduct that he raised at trial. (*See* Dkt. No. 125 at 1). Defendant's approach is procedurally infirm and his underlying argument lacks merit.

Throughout the course of the trial, Defendant alleged prosecutorial misconduct and sought a mistrial on two grounds: (1) that the United States had failed to disclose to Defendant before trial the involvement of a confidential informant; and (2) that the United States improperly stated that Defendant was a member of a "criminal organization" without presenting evidence to establish that fact. (Dkt. No. 145 at 28, 86; Dkt. No. 146 at 143-44; Dkt. No. 147 at 50-55, 81-84; Dkt. No. 149 at 115). The Court deferred ruling on the motions with respect to the confidential informant issue (*see e.g.*, Dkt. No. 147 at 55; Dkt. No. 149 at 2), but denied the motions with respect to the reference to a criminal organization. (Dkt. No. 146 at 152-53; Dkt. No. 147 at 81). Subsequently, the Court declared a mistrial at Defendant's request—and over the United States' objection—when a juror indicated that the verdict did not reflect his independent judgment.

Defendant maintains that his motions for mistrial premised on prosecutorial misconduct have not been mooted by the mistrial declared in this case on alternative grounds. (Dkt. No. 125 at 1). Although the Court afforded Defendant an opportunity to provide legal authority to support that proposition (Dkt. No. 118), Defendant has not identified any such authority. (*See* Dkt. No.

125). [6] As the United States notes in its Opposition (Dkt. No. 128 at 2-3), the proper means for Defendant to raise his double jeopardy argument after the mistrial was declared would have been to file a motion to dismiss the Indictment. *See United States v. De Palma*, 466 F. Supp. 917, 918 (S.D.N.Y. 1979) (considering a motion to dismiss indictment for prosecutorial misconduct following declaration of a mistrial). Notwithstanding this procedural infirmity, the Court will address the merits of Defendant's argument.

The Court finds that Defendant's argument that the alleged prosecutorial misconduct bars retrial lacks merit. As noted above, for retrial to be barred in this instance on double jeopardy grounds, Defendant must establish "the prosecutor's subjective intent to cause a mistrial in order to retry the case." *Williams*, 472 F.3d at 85-86; *see also Kennedy*, 456 U.S. at 676 (requiring defendant to show that "the governmental conduct in question [was] intended to 'goad' the defendant into moving for a mistrial"). Defendant has failed to meet this burden.

Here, Defendant's primary assertion of prosecutorial misconduct was the alleged failure of the United States to inform Defendant before trial of a confidential informant's involvement in the investigation of this case. Assuming, without finding, that Defendant was entitled to this information, Defendant has not shown how failing to disclose such information evinces the prosecutor's intent to cause a mistrial. Indeed, the Court cannot conceive of how such a pretrial

---

[6] This is not surprising since Defendant's oral motions for mistrial premised on prosecutorial misconduct are moot in light of the mistrial granted on alternative grounds. *See United States v. De Palma*, 466 F. Supp. 917, 918 (S.D.N.Y. 1979) ("The first trial has since ended in a mistrial, thereby mooting defendants' mistrial motions" premised on prosecutorial misconduct); *see also Aczel v. Labonia*, No. 3:00 CV 01802 (PCD), 2006 U.S. Dist. LEXIS 68119, *1-2 (D. Conn. Sept. 22, 2006) (granting defendant's motion for new trial, then denying motion for mistrial as moot). Because a mistrial has already been declared, declaration of another is not the appropriate course.

failure to disclose could demonstrate a prosecutor's intent to sabotage a trial—which had not yet started—in order to obtain a more favorable retrial. *See Curtis*, 683 F.2d at 777-78.

With regard to Defendant's other allegation of prosecutorial misconduct—the mention of Defendant's participation in a criminal organization—Defendant has similarly failed to demonstrate the prosecutor's intent to goad Defendant into moving for a mistrial. *Kennedy*, 456 U.S. at 676. Defense counsel first moved for mistrial on these grounds when an agent *he was cross-examining* stated "[Defendant] had coordinated with his criminal organization for delivery [of cocaine] to me." (Dkt. No. 146 at 143). Thus, it cannot be said that the prosecutor intended to illicit a mistrial by this reference to a criminal organization.

Defendant again objected and moved for a mistrial when an agent testified during redirect examination by the United States that Defendant was under pressure "from the people in his organization" to transport the cocaine. (Dkt. No. 147 81).[7] As counsel for the United States explained, by asking who was applying the pressure on Defendant, she was attempting to clarify the witness' previous response and rebut defense counsel's implication that the United States was pressuring Defendant to engage in illegal activities. (*Id.* at 82). The Court overruled Defendant's objection and denied the motion for mistrial. (*Id.* at 84-85). The Court found that the prosecutor's conduct was appropriate at trial, and Defendant has failed to subsequently demonstrate how this same conduct was intended to provoke a mistrial.

---

[7] The following exchange precipitated Defendant's objection and motion for mistrial:

> Q. And you were also asked something about [what] the defendant said regarding they were giving him crazy pressure?
> A. That he was under strong pressure, yes, he said that.
> Q. Was he under strong pressure from you?
> A. No, from the people in his organization.

(Dkt. No. 147 at 80-81).

Defendant also objected and moved for mistrial when another prosecutor stated during his closing argument that "what the evidence shows in this case is that law enforcement agents were investigating an organization in Puerto Rico. That's what the evidence shows." (Dkt. No. 149 at 115). At side-bar, the prosecutor explained that his statement was a reference to Agent Lebron's testimony that this case started with an HSI investigation into a drug organization in Fajardo, Puerto Rico. (*Id.* at 116). While the Court found that the prosecutor was referring to evidence which had been admitted and not stricken from the record, the Court ultimately instructed the jury to disregard the reference to any drug organization, reasoning that the jury might improperly consider a separate reference to drug organizations which had, in fact, been stricken. (*See id.* at 120-21). Again, the Court concludes that the prosecutor's conduct was not improper, and Defendant has failed to establish that the conduct was in any way designed to goad Defendant into moving for a mistrial. *Kennedy*, 456 U.S. at 676.

The Court also finds that, in each instance, counsel for the United States appropriately justified their remarks at trial, and there was no indication from the record that an acquittal was likely or that a second trial would be desirable for the United States.[8]

In short, Defendant has failed to meet his burden of establishing that the prosecutor "subjective[ly] inten[ded] to cause a mistrial in order to retry the case." *Williams*, 472 F.3d at 85-86. Thus, the Court will deny Defendant's request to preclude retrial on double jeopardy grounds.

---

[8] While the Third Circuit has articulated these three factors for consideration, *see Curtis*, 683 F.2d at 777-78, the Court notes that Defendant neither addressed these factors nor demonstrated how they support his claim that retrial is barred on double jeopardy grounds. (*See* Dkt. No. 125).

### III.   CONCLUSION

For the reasons discussed above, the Court finds that Defendant is not entitled to a judgment of acquittal, nor is retrial of this case barred on double jeopardy grounds. Accordingly, the Court will deny Defendant's Motion for Judgment of Acquittal (Dkt. No. 153) and his renewed motions for mistrial on grounds of prosecutorial misconduct (*see* Dkt. No. 125). An appropriate Order accompanies this Memorandum Opinion.

Date: March 7, 2013                                      _____/s/_____
                                                         WILMA A. LEWIS
                                                         District Judge